UNITED STATES DISTICT COURT
EASTERN DISTICT OF NEW YORK

Docket No.:

---------------------------------------------------------------------------x

JOSUE BAEZ,

**COMPLAINT**

Plaintiff,

**Jury Trial Demanded**

- against -

MASTER LEAF CORP. d/b/a FRONTO LEAF MASTER, and
SMITH TALAL AMBAR, KHAMIS GHNAIN, and AHMA
HAWILEH in their individual capacities,

Defendants.

---------------------------------------------------------------------------x

JOSUE BAEZ ("Plaintiff"), by and through his undersigned attorneys, alleges as follows:

## NATURE OF THE CASE

1. This is an action arising from the willful violations by MASTER LEAF CORP. d/b/a FRONTO LEAF MASTER, SMITH TALAL AMBAR, KHAMIS GHNAIN, and AHMA HAWILEH (collectively "Defendants") of Plaintiff's rights under the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); the overtime and minimum wage provisions of the New York Labor Law ("NYLL"); and the requirement of the New York Compilation of Codes, Rules and Regulations ("NYCCRR") that employers provide wage statements to employees on each payday.

2. Defendants employed Plaintiff from April 2019 to March 2020, in their business of importing, preparing, and flavoring tobacco leaves. Defendants paid the Plaintiff $10 per hour, which was below the applicable New York State minimum wage of $15 per hour; and they did not pay him any overtime wages for the approximately 20 hours of overtime that he worked each week.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiff's federal law claims

1

pursuant to 28 U.S.C. § 1331, as this action arises under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred in this district (the wage claims derive from work performed in College Point, Queens); and pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2), as one or more of the Defendants reside within the district (Defendant Master Leaf Corp.'s principal place of business is in College Point, Queens).

## PARTIES

6. At all times relevant to this complaint, Plaintiff has been a resident of the County of New York in the State of New York.

7. At all times relevant to this complaint, Plaintiff was an "employee" of the Defendants under the FLSA, and the NYLL and the wage orders and regulations thereunder.

8. Defendant Master Leaf Corp. ("Master Leaf") is a domestic business corporation formed under the laws of the State of New York in 2018, doing business as Fronto Leaf Master. Master Leaf's principal place of business is at 18-21 130th Street, College Point, New York 11356.

9. At all times relevant to this complaint, Defendant Smith Talal Ambar was the majority owner of Master Leaf.

10. At all times relevant to this complaint, Defendant Khamis Ghnain was a minority owner of Master Leaf.

11. At all times relevant to this complaint, Defendant Ahma Hawileh was a minority

owner of Master Leaf.

12. At all times relevant to this complaint, each Defendant was an "employer" of the Plaintiff under the FLSA, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law.

13. Under 29 U.S.C § 203 an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

14. At all times relevant to this complaint, the gross annual volume of sales by Master Leaf was not less than $500,000.

15. At all times relevant to this complaint, Master Leaf was "an enterprise engaged in commerce or in the production of goods for commerce," within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a).

## FACTUAL ALLEGAGATIONS

16. In or about April 2019, Plaintiff quit his job parking cars for Icon Parking and began working for Master Leaf.

17. Master Leaf owns and operates two warehouses in College Point, Queens, where they import, process, and flavor tobacco for wholesale and retail sale.

18. Defendant Khamis Ghnain, one of the minority owners of Master Leaf, had repeatedly encouraged Plaintiff to quit his job in order to manage Defendants' operations in the Dominican Republican.

19. At all times relevant to this complaint, Plaintiff worked in Master Leaf's two warehouses in College Point, Queens, located at 18-21 130th Street and 15-60 127th Street.

20. Defendants employed a total of 25 or more persons at the two warehouses.

21. Plaintiff primarily assisted in the supervision of warehouse workers and in the

3

preparation of tobacco leaves for sale.

22. Plaintiff generally worked Monday through Saturday, from 8 a.m. to 6 p.m., for a total of 60 hours per week.

23. Defendant Ambar personally supervised the day-to-day operations of Master Leaf from the principal place of business at 18-21 130th Street, College Point, New York.

24. Defendant Hawileh personally supervised the employees at Master Leaf's two warehouses, including the Plaintiff.

25. As described below, Plaintiff was paid neither the minimum wage nor overtime wages.

26. Defendants paid the Plaintiff $10 per hour in cash.

27. Defendants should have paid Plaintiff a New York State minimum wage of $15 per hour.

28. Defendants should have paid Plaintiff an overtime wage of $22.50 per hour, in accord with FLSA, 29 U.S.C. § 207(a); and NYLL § 160, and the wage orders and regulations thereunder.

29. For a 60-hour workweek the Plaintiff was paid $600. He should have been paid $600 in regular wages and $450 in overtime wages, for a total of $1050.

30. Defendants failed to pay any of the required payroll taxes, including but not limited to Social Security, Medicare, and Workers Compensation.

31. Defendants failed to provide the Plaintiff with the required wage statements under New York's Wage Theft Prevention Act.

32. Defendants should have records of the hours that the Plaintiff worked and all the

4

wages that he was paid, in accord with the FLSA's recordkeeping regulations, 29 C.F.R. §516.2; and NYLL § 661.

33. Under 29 C.F.R. § 516.2, employers are required to keep records for each employee of hours worked each day, total hours worked each workweek, and total regular and overtime wages paid each pay period—among other items—for at least three years.

34. Under NYLL § 661, employers are required to "establish, maintain, and preserve for not less than six years contemporaneous, true, and accurate payroll records," including "for each week the hours worked and the rate or rates of pay …"

35. Master Leaf was closed for parts of March and April 2020, due to the pandemic.

36. In April 2020, Defendants terminated the Plaintiff, by telling him he should look for other work.

37. Defendant was never given the opportunity to manage Master Leaf's operations in the Dominican Republic, as he had been promised.

38. In November 2020, Plaintiff's undersigned attorney sent a letter to each of the individual Defendants regarding their failure to pay the minimum wage and overtime wages.

39. The Defendants did not respond to the letter, whereupon Plaintiff has initiated this lawsuit.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT ("FLSA") OVERTIME**

40. Plaintiff repeats and realleges each of the preceding paragraphs.

41. At all times relevant to this complaint, the Defendants were employers and the Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

42. The FLSA, 29 U.S.C. § 207(a), requires employers to pay employees at least 1.5

5

times their regular rates of pay[1] for any hours worked in excess of 40 hours in a workweek.

43. Plaintiff was not exempt from the overtime provisions of the FLSA.

44. Plaintiff worked approximately 60 hours per week, for 20 overtime hours.

45. Defendants should have paid Plaintiff at least $22.50 for each of his overtime hours.

46. Defendants willfully failed to pay any overtime wages to the Plaintiff.

47. Plaintiff is entitled to overtime wages for all his overtime hours, liquidated damages, and attorney's fees.

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW ("NYLL") OVERTIME

48. Plaintiff repeats and realleges each of the preceding paragraphs.

49. At all times relevant to this complaint, the Defendants were employers and the Plaintiff was an employee with the meaning of the NYLL and NYCCRR.

50. NYLL § 160 and the executing provisions of 12 NYCCRR § 142.2.2 require employers to pay employees at least 1.5 times their regular rate of pay for any hours worked in excess of 40 hours in a workweek.

51. Plaintiff was not exempt from the overtime provisions of the NYLL and NYCCRR.

52. Plaintiff worked approximately 20 overtime hours each week.

53. Defendants should have paid Plaintiff at least $22.50 for each of his overtime hours.

54. Defendants willfully failed to pay any overtime wages to the Plaintiff.

55. Plaintiff can recover overtime wages for all his overtime hours, liquidated damages, and attorney's fees.

---

[1] The regular rate of pay may not be lower than the FLSA minimum wage or a higher state or local minimum wage.

6

## THIRD CLAIM FOR RELIEF:
## WAGE THEFT PREVENTION ACT

56. Plaintiff repeats and realleges each of the preceding paragraphs.

57. NYLL § 195(3) ("Wage Theft Prevention Act") requires employers to provide wage statements with each payment of wages to an employee.

58. Such wage statement must include the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

59. Since Plaintiff was not exempt from overtime compensation, such wage statement must also include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

60. Defendants willfully failed to provide Plaintiff with wage statements with each payment of wages.

61. Pursuant to NYLL § 198(1-d), Plaintiff can recover from the Defendants $250 for each workday that a violation of NYLL § 195(3) occurred or continued to occur, not to exceed a total of $5,000.

62. Plaintiff can also recover liquidated damages and attorney's fees.

## FOURTH CLAIM FOR RELIEF:
## NEW YORK LABOR LAW MINIMUM WAGE

63. Plaintiff repeats and realleges each of the preceding paragraphs.

64. At all times relevant to this complaint, the Defendants were employers and the

7

Plaintiff was an employee with the meaning of the NYLL and NYCCR.

65. NYLL § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

66. At all times relevant to this complaint, the minimum wage in New York City for employers with 11 or more employers was $15 per hour.

67. Defendants paid the Plaintiff only $10 per hour.

68. Defendants willfully failed to compensate Plaintiff at the minimum hourly rate required by the NYLL and NYCCRR.

69. Plaintiff can recover the minimum wage for all hours worked, liquidated damages, interest, and attorney's fees.

## JURY DEMAND

70. Plaintiff demands a jury trial, pursuant to Federal Rule of Civil Procedure 38(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests a judgment against Defendants awarding

(a) unpaid overtime wages, in the amount of $11,000 or more;

(b) unpaid minimum wages, in the amount of $9,000 or more;

(c) liquidated damages as recoverable under the FLSA and NYL, in the amount of $20,000 or more;

(d) pre-judgment and post-judgment interest;

(e) attorney's fees and costs; and

(f) such other and further relief as to this Court seems just and proper.

Dated:   Philadelphia, PA
         January 21, 2021

8

Respectfully submitted,

HALPERN LEGAL CLINIC, INC.

By: *Robert Halpern*
ROBERT HALPERN (RH 1253)
18 W. Gowen Avenue
Philadelphia, PA 19119
Tel.: 646-288-4372
*Attorneys for the Plaintiff*

9